UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUCIEN P. BAZLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2943** |
| **WARDEN LADREYT** | **SECTION "N"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.     Factual and Procedural Background**

The petitioner, Lucien P. Bazley ("Bazley"), is a convicted inmate currently incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On April 20, 2007, Bazley was charged by Bill of Information in Jefferson Parish with one count of second offense possession of marijuana and one count of possession of cocaine.[3]  Bazley entered a plea of not guilty to the charge on April 30, 2007.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 15.

[3] St. Rec. Vol. 1 of 9, Bill of Information, 4/20/07.

[4] St. Rec. Vol. 1 of 9, Minute Entry, 4/30/07.

The record reflects that, on February 22 and 23, 2007, Lt. Nicholas Huth and Detective Kevin Treigle of the Kenner Police Department conducted surveillance of Bazley's residence, located at 249 Clemson, Apartment 402, in response to numerous complaints of narcotics activity.[5] On the second day, Lt. Huth saw Darkus Bollard enter that apartment and leave shortly thereafter. The officers stopped Ms. Bollard and discovered that she was in possession of a small bag of marijuana which she purchased from Bazley. As a result of his conversation with Ms. Bollard, Lt. Huth had Detective Treigle obtain a search warrant for Bazley's apartment.

Bazley eventually exited his apartment and Lt. Huth detained him while he waited for the search warrant. Lt. Huth obtained the keys from Bazley's pocket and entered the apartment to conduct a protective sweep for officer safety and to assure no one else was in the apartment. During this time, he observed a bag of marijuana floating in the toilet. Because the toilet was still flowing, it appeared to him that someone had tried to flush the marijuana down the toilet or that the toilet was defective. He left the apartment and waited for the search warrant outside.

He later received a call from Detective Treigle who advised him that the search warrant had been signed. Lt. Huth and other officers then searched the apartment. Detective Treigle returned to the apartment and recovered a clear plastic bag containing green vegetable matter from the toilet. Once the bag was retrieved, Detective Treigle discovered that inside that plastic bag was another clear plastic bag of crack cocaine. He also seized a box of clear plastic sandwich bags and a digital scale.

---

[5]The facts of the case were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Bazley*, 60 So.3d 7, 12-13 (La. App. 5th Cir. 2011); St. Rec. Vol. 1 of 9, 5th Cir. Opinion, 09-KA-358, pp. 4-7, 1/11/11.

After being found competent to proceed,[6] Bazley's first trial was held January 28 and 29, 2008, and ended in a mistrial when the jury was unable to reach a verdict.[7] His second trial on March 12 and 13, 2008, also ended in a mistrial after that jury was unable to reach verdict.[8] After a third trial before a jury on March 24 through 26, 2008, Bazley was found guilty as charged on both counts.[9]

At a hearing held on May 5, 2008, the Trial Court denied Bazley's motions in arrest of judgment and for a new trial.[10] After waiver of legal delays, the Trial Court sentenced Bazley to serve four (4) years on each count to run concurrently.[11]

The State filed a multiple bill as to the second count.[12] On July 14, 2008, the Trial Court adjudicated Bazley to be a fourth felony offender.[13] The Court vacated the original sentence

---

[6]St. Rec. Vol. 1 of 9, Minute Entry, 7/25/07; Hearing Minutes, 12/11/07; St. Rec. Vol. 3 of 9, Competency Hearing Transcript, 7/25/07; Hearing Transcript, 10/17/07; Hearing Transcript, 12/11/07.

[7]St. Rec. Vol. 1 of 9, Trial Minutes, 1/28/08; Trial Minutes, 1/29/08; St. Rec. Vol. 2 of 9, Trial Transcript, 1/29/08; St. Rec. Vol. 3 of 9, Trial Transcript, 1/29/08.

[8]St. Rec. Vol. 1 of 9, Trial Minutes, 3/12/08; Trial Minutes, 3/13/08; St. Rec. Vol. 3 of 9, Hearing Transcript, 3/12/08; Transcript, 3/13/08; St. Rec. Vol. 6 of 9, Trial Transcript, 3/12/08; St. Rec. Vol. 7 of 9, Trial Transcript, 3/13/08.

[9]St. Rec. Vol. 1 of 9, Trial Minutes, 3/24/08; Trial Minutes, 3/25/08; Trial Minutes, 3/26/08; Jury Verdict, 3/26/08; St. Rec. Vol. 3 of 9, Hearing Transcript, 3/24/08; St. Rec. Vol. 7 of 9, Hearing Transcript, 3/24/08; St. Rec. Vol. 5 of 8, Trial Transcript, 3/25/08; Trial Transcript, 3/26/08.

[10]St. Rec. Vol. 1 of 9, Sentencing Minutes, 5/5/08; Motion in Arrest of Judgment, 4/1/08; *Pro Se* Motion for New Trial, 4/3/08; Motion for New Trial, 5/1/08.

[11]St. Rec. Vol. 1 of 9, Sentencing Minutes, 5/5/08; St. Rec. Vol. 5 of 8, Sentencing Transcript, 5/5/08.

[12]*Id*.; Multiple Bill, 5/5/08.

[13]St. Rec. Vol. 1 of 9, Multiple Bill Hearing Minutes, 7/14/08; St. Rec. Vol. 5 of 8, Multiple Bill Hearing Transcript, 7/14/08.

imposed on count two and resentenced Bazley on July 18, 2008, to serve 20 years as a multiple offender to run concurrently with the sentence on count one.[14]

On direct appeal, Bazley's appointed counsel urged two grounds for relief:[15] (1) the Trial Court erred in allowing Bazley's prior trial testimony to be read to the jury; and (2) the Trial Court erred in denying the motion for new trial because the evidence was insufficient to support the verdict. Bazley filed a supplemental brief arguing that the Trial Court erred in denying the defense's motion to suppress the evidence.[16]

The Louisiana Fifth Circuit Court of Appeal affirmed the conviction on January 11, 2011, finding no merit in any of the claims raised.[17] On its errors patent review, the Court amended the sentence to delete the Trial Court's reference that the sentence be concurrent with any other revocation sentence and remanded the matter for the Trial Court to clarify Bazley's probation or parole eligibility.

On June 17, 2011, the Louisiana Supreme Court denied Bazley's related writ application without stated reasons.[18] His conviction and amended sentence became final ninety (90) days later, on September 15, 2011, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the

---

[14] St. Rec. Vol. 1 of 9, Multiple Bill Sentencing Minutes, 7/18/08; St. Rec. Vol. 8 of 9, Sentencing Transcript, 7/18/08.

[15] St. Rec. Vol. 5 of 9, Appeal Brief, 09-KA-0358, 3/30/10.

[16] St. Rec. Vol. 5 of 9, *Pro Se* Supplemental Brief, 09-KA-0358, 5/12/10.

[17] *State v. Bazley*, 60 So.3d at 7; St. Rec. Vol. 1 of 9, 5th Cir. Opinion, 09-KA-358, 1/11/11.

[18] *State v. Bazley*, 63 So.3d 1039 (La. 2011); St. Rec. Vol. 2 of 9, La. S. Ct. Order, 2011-KO-0282, 6/17/11; St. Rec. Vol. 9 of 9, La. S. Ct. Writ Application, 11-KO-282, 2/10/11; St. Rec. Vol. 1 of 9, La. S. Ct. Letter, 2011-KO-282, 2/10/11.

United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

In the meantime, on July 22, 2011, Bazley submitted to the state trial court an application for post-conviction relief court in which he raised the following grounds:[19] (1) prior to his arrest, Lieutenant Huth violated his First Amendment rights to obtain signatures on a petition to stop harassment by the Kenner Police; (2) he was illegally arrested in violation of the Fifth Amendment; (3) the search warrant was based on hearsay making the warrant invalid; (4) appointed trial counsel gave ineffective assistance; (5) he was denied the right to confront Ms. Bollard as his accuser; (6) he was placed in double jeopardy through the multiple trials; (7) the trial transcript on direct appeal was incomplete; (8) his constitutional rights were violated through malicious prosecution based on his prior felony convictions not his actual guilt; (9) the evidence was insufficient to support the convictions; (10) his Ninth Amendment rights were violated because his fate was left to a jury with no knowledge of the Constitution; and (11) the habitual offender bill was misused and constitutes an abuse of discretion.

On December 9, 2011, the Trial Court issued an order denying relief.[20] The Court determined that the first claim was procedurally barred for failure to raise the claim before trial or on direct appeal citing La. Code Crim. P. art. 930.4(B) and (C) and alternatively was without merit.[21] The Court also found review of the second issue to be procedurally barred because it had been fully addressed on direct appeal, citing La. Code Crim. P. art. 930.4(C). The third claim was found to be

---

[19]St. Rec. Vol. 2 of 9, Uniform Application for Post-Conviction Relief, 8/9/11 (dated 7/22/11); see Supplemental Application, 9/29/11.

[20]St. Rec. Vol. 2 of 9, Trial Court Order, 12/9/11 (the order is stamp-filed 12/8/11).

[21]La. Code Crim. P. art. 930.4(B), and (C) prohibit post-conviction review of claims that were known and inexcusably not raised in proceedings leading to the conviction or which were not pursued on appeal.

procedurally barred for failure to raise it on direct appeal based on La. Code Crim. P. art. 930.4. The Court also determined Bazley's claims four through eight and ten to be meritless. The ninth and eleventh claims were found to be improperly raised on post-conviction review under La. Code Crim. P. art. 930.3.[22]

On June 1, 2012, the Louisiana Fifth Circuit denied his related writ application finding no error in the Trial Court's ruling.[23] The Court also declined to address Bazley's arguments raised in the writ application that were not presented to the Trial Court in the post-conviction application.

The Louisiana Supreme Court also denied relief on his subsequent writ application without stated reasons on November 2, 2012.[24]

In the meantime, on February 22, 2012, Bazley submitted a second application for post-conviction relief to the Trial Court arguing that the presiding judge was not impartial.[25] The Trial Court denied relief on March 21, 2012, finding that the claim was procedurally barred from review because it was not previously raised and that the petition was successive in violation of La. Code

---

[22]La. Code Crim. P. art. 930.3 sets forth the grounds on which post-conviction relief can be granted. In *State ex rel. Melinie*, 665 So.2d 1172 (La. 1996), the Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief. The Louisiana Supreme Court extended that rule in *State v. Hebreard*, 708 So.2d 1291 (La. App. 4th Cir. 1998) to challenges to multiple bill proceedings.

[23]St. Rec. Vol. 2 of 9, 5th Cir. Order, 12-KH-28, 6/1/12; St. Rec. Vol. 9 of 9, 5th Cir. Writ Application, 12-KH-28, 1/10/12 (dated 1/5/12).

[24]*State ex rel. Bazley v. State*, 99 So.3d 666 (La. 2012); St. Rec. Vol. 2 of 9, La. S. Ct. Order, 2012-KH-1457, 11/2/12; La. S. Ct. Letter, 2012-KH-1457, 6/25/12 (showing postmark 6/20/12); St. Rec. Vol. 9 of 9, La. S. Ct. Writ Application, 12-1457, 6/25/12 (dated and postmarked 6/20/12).

[25]St. Rec. Vol. 2 of 9, Application for Post-Conviction Relief, 2/29/12 (dated 2/22/12).

Crim. P. art. 930.4.[26] The Louisiana Fifth Circuit and the Louisiana Supreme Court each denied Bazley's related writ applications.[27]

While these matters were pending, on June 29, 2012, Bazley submitted a motion to the state trial court seeking to correct or amend his sentence.[28] The Trial Court denied the motion on August 2, 2012.[29] The Louisiana Fifth Circuit denied the subsequent writ applications submitted by Bazley.[30] The Louisiana Supreme Court denied Bazley's last writ application without stated reasons on July 31, 2013.[31]

## II. Federal Petition

On January 24, 2013, the clerk of this Court filed Bazley's federal petition for habeas corpus relief in which he asserts only eight (8) grounds for relief, although he has the claims numbered one and five through eleven.[32] For clarity, the Court will address the claims in proper numerical order: (1) his Sixth and Fourteenth Amendment rights were violated because the trial judge was not impartial and was removed from the bench in 2012; (2) his Sixth and Fourteenth Amendment rights were violated when he was denied the right to confront Ms. Bollard, who denied telling the police

---

[26] St. Rec. Vol. 2 of 9, Trial Court Order, 3/21/12.

[27] *State ex rel. Bazley v. State*, 99 So.3d 649 (La. 2012); St. Rec. Vol. 2 of 9, La. S. Ct. Order, 2012-KH-1522, 10/26/12; La. S. Ct. Letter, 2012-KH-1522, 7/5/12 (showing postmark 6/27/12); 5th Cir. Order, 12-KH-417, 6/1/12; St. Rec. Vol. 9 of 9, La. S. Ct. Writ Application, 12-KH-1522, 7/2/12 (dated 6/25/12); 5th Cir. Writ Application, 12-KH-417, 5/11/12 (dated and postmarked 5/9/12).

[28] St. Rec. Vol. 2 of 9, Motion to Correct Illegal Sentence, 6/29/12.

[29] St. Rec. Vol. 2 of 9, Trial Court Order, 8/2/12 (the order is file-stamped 8/1/12).

[30] St. Rec. Vol. 2 of 9, 5th Cir. Order, 12-KH-780, 12/4/12; St. Rec. Vol. 9 of 9, 5th Cir. Order, 13-KH-19, 1/8/13; 5th Cir. Writ Application, 12-KH-780 (postmarked 10/9/12).

[31] *State ex rel. Bazley v. State*, 118 So.3d 1107 (La. 2013); St. Rec. Vol. 2 of 9, La. S. Ct. Letter, 2013-KH-125, 1/15/13; St. Rec. Vol. 9 of 9, La. S. Ct. Writ Application, 13-KH-125, 1/15/13 (dated 1/11/13).

[32] Rec. Doc. No. 3, pp. 5, 16-29.

he sold her drugs and was never prosecuted for her possession charge, and when the state courts failed to investigate the possibility of perjured testimony from the police officers who testified at trial; (3) his Fifth and Fourteenth Amendment rights were violated when he was exposed to double jeopardy when he was tried three times for the same offenses; (4) his Sixth and Fourteenth Amendment rights were violated when he was not provided with a complete trial transcript for direct appeal; (5) his Fifth, Eighth and Fourteenth Amendment rights were violated through malicious prosecution for his prior criminal history and because the judge was biased; (6) his Fifth, Sixth and Fourteenth Amendment rights were violated because he was convicted based on insufficient evidence to support the verdict; (7) his Eighth, Ninth and Fourteenth Amendment rights were violated by the state courts' denial of relief on his post-conviction claims for reasons that were contrary to the Sixth Amendment; and (8) his Eighth and Fourteenth Amendment rights were violated when the state court misused the habitual offender bill.

The State filed a response in opposition to the petition arguing that Bazley did not completely exhaust state court remedies on claims one, two and seven as listed above.[33] Alternatively, the State argues that claims one and eight are in procedural default and the remaining claims are without merit.

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[34] applies to this petition, which is deemed filed in a federal court no later than

---

[33] Rec. Doc. No. 8.

[34] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

December 5, 2012.[35]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and the record confirms that Bazley's petition is timely filed.  As indicated above, however, the State has argued that Bazley failed to fully exhaust state court remedies as to three of his claims and that two of his claims are in procedural default.  Bazley's failure to fully exhaust is a basis for denial of relief at this time.

## IV.  <u>Exhaustion Requirement</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court.  *Whitehead*, 157 F.3d at 387 (citing *Picard v.*

---

[35]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Bazley's habeas petition on January 24, 2013, when the filing fee was received after denial of pauper status.  Bazley signed petition on December 5, 2012.  This is the earliest date appearing in the record when he could have presented the pleadings to the prison officials for forwarding to a court.

*Connor*, 404 U.S. 270, 275-78 (1971)). This means that "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a habeas petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*. at 32.

In this case, the State concedes, and the Court finds that Bazley exhausted state court remedies as to the following issues: (a) claim two in part, denial of the right to confront Ms. Bollard; (b) claim three, the repeated trials amounted to double jeopardy; (c) claim four, denial of complete transcripts on appeal; (d) claim five in part, malicious prosecution where the State relied on his criminal history to gain a conviction; (e) claims six, insufficient evidence; (f) claim seven, the state courts denial of relief on his post-conviction applications violated his constitutional rights; and (g) claim eight, misuse of the habitual offender bill of information. These claims are considered to be exhausted.

The State argues that Bazley's first claim, asserting that he had an impartial judge, is unexhausted because it was procedurally barred from review in the state courts. The State has confused the doctrines of exhaustion and procedural default. To receive federal habeas review, a petitioner need only provide the state courts an *opportunity* to address, and if necessary, correct alleged deprivations of federal constitutional rights. 28 U.S.C. § 2254(b)(1)(A); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989); *see also*, *Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."); *O'Sullivan*, 526 U.S. at 845 ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").

In this case, Bazley's first claim was exhausted through his second round of post-conviction review. The state court record demonstrates that Bazley challenged the impartiality of the state trial judge in his second application for post-conviction relief. He presented the issue to each level of the state courts. How the state courts chose to resolve, or bar review of, the claim does not necessarily equate to a failure to meet the exhaustion requirement. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Each court had the opportunity to consider the claim had Bazley established an exception to the bar imposed. The State's exhaustion defense as to claim number one is rejected and that claim is considered to be exhausted.

The State also contends that Bazley did not exhaust state court remedies with regard to part of his second claim (confrontation clause violation), where he argued that the state courts should

have investigated the possibility that the officers gave perjured testimony at trial, and part of his seventh claim, where he argued that the state courts denial of relief on his post-conviction claims resulted in the denial of his right to counsel. The State contends that neither argument or legal theory was presented to the Louisiana Supreme Court before being raised in this federal court. The record confirms that Bazley did not include these arguments in his writ applications to the Louisiana Supreme Court. These matters are not exhausted.

The Court also finds that Bazley presents a new legal theory as a basis for his fifth claim of malicious prosecution. For the first time here, he bases that claim in part on the assertion that the trial judge was biased against him. This argument or legal theory was not raised to the state courts in support of his malicious prosecution claim. There, he argued under a broad reading that the prosecutor engaged in malicious tactics by prosecuting him on his criminal history rather than his guilt. The argument as it relates to a biased judge is not exhausted.

Bazley, therefore, has presented this Court with a "mixed petition," which includes both exhausted and unexhausted claims, and it is subject to dismissal for that reason. *See Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420). The record discloses no good cause for Bazley's failure to properly and fully exhaust each of his claims and arguments, and the Court can find none from its review of the record. The petition should be dismissed. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).

Bazley also would not be entitled to a stay of these proceedings, should one be requested, where there has been no showing of good cause to provide that extraordinary relief. The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Id*., 544 U.S. at 278. The *Rhines* Court cautioned that a stay-and-abeyance

"should be available only in <u>limited</u> circumstances," (emphasis added), and is appropriate <u>only</u> when the court determines that there was "good cause" for the failure to exhaust. *Id.,* at 277; *see also Pliler v. Ford*, 542 U.S. 225, 233 (2004). There is no such showing here.

Having found no good cause for his failure to exhaust, the petition should be dismissed without prejudice to allow Bazley to fully exhaust available state court remedies as to all of his claims, unless he amends the petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims. *Pliler*, 542 U.S. at 233 (citing *Rose*, 455 U.S. at 510).

## V. <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Lucien P. Bazley's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state required remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[36]

New Orleans, Louisiana, this 25th day of February, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[36]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.